

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# USA v. Geddes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3335

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Geddes" (2007). *2007 Decisions.* Paper 25.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/25

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3335

_____

UNITED STATES OF AMERICA,
                                        Appellee

v.

AARON GEDDES,
                                        Appellant


Appeal from the
United States District Court for the
District of New Jersey
(D.C. No. 02-cr-00705)
District Judge: Honorable Mary L. Cooper

_____


Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

_____


Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI[*], Judge

(Filed: December 20, 2007)

_____

OPINION

_____


[*]Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1

RESTANI, <u>Judge</u>.

This appeal challenges a sentence imposed after remand to apply the United States Sentencing Guidelines in an advisory manner as required by <u>United States v. Booker</u>, 543 U.S. 220 (2005). Defendant Aaron Geddes was found guilty of violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). In calculating the Guidelines range, the District Court imposed a four-level enhancement for using a firearm in connection with another felony. The District Court found that the facts necessary to the enhancement were established by a preponderance of the evidence.

Geddes' sole argument on appeal is that due process requires that if a separate crime is the basis for a sentencing enhancement, the elements of that crime must be found by the trier of fact beyond a reasonable doubt. Sitting <u>en banc</u>, we recently rejected this argument, <u>see</u> <u>United States v. Grier</u>, 475 F.3d 556 (3d Cir. 2007), and held that sentencing enhancements, whether constituting a separate offense or not, do not implicate rights to a jury trial or proof beyond a reasonable doubt.[1] <u>Id.</u> at 567.

Accordingly, we will affirm.

---

[1]Judge Sloviter agrees that <u>Grier</u> represents the law of the Circuit. Nonetheless, she believes that Geddes' argument represents the better view, as set forth in her dissent in <u>Grier</u>.